ALEXANDER KEVORKIAN *vs.* FRANK B. BEMIS & others.

Suffolk.    December 3, 1926. — March 2, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Deceit. Evidence,* Opinion: expert.

An action for deceit in the sale to the plaintiff of stock in a Massachusetts corporation cannot be maintained where the evidence tends merely to show that the defendant represented to the plaintiff that the corpora-

tion was the owner of certain assets of a certain value, whereas it did not own the assets but did own all the shares of stock of a Michigan corporation which owned such assets; and there is no evidence that the stock sold the plaintiff was of any less value than it would have been had the Massachusetts corporation been the legal owner of the assets of the Michigan corporation instead of an owner merely of all its stock.

At the trial of the action above described, it was proper to exclude an answer by a public accountant, called by the plaintiff, intended to elicit an expression of his opinion as to the value of the stock purchased by the plaintiff after deducting from the assets of the Massachusetts corporation the value of the land, buildings and machinery of the Michigan corporation; and this was especially true where the record did not show that the answer was not excluded because the judge found as a fact that the witness was not qualified to testify as an expert to the value of stock of a corporation in the circumstances of this case.

TORT, against a firm of stockbrokers, for deceit. Writ dated February 8, 1924.

In the Superior Court, the action was tried before *Whiting,* J. Material evidence is stated in the opinion. At the close of the plaintiff's evidence on a motion by the defendants a verdict was ordered in their favor. The plaintiff alleged exceptions.

*R. W. Frost,* for the plaintiff.

*E. F. McClennen,* for the defendants.

PIERCE, J. This is an action of tort for deceit. The plaintiff's declaration, in substance, alleged that he was induced to buy one hundred shares of seven per cent accumulative preferred stock of the Northwestern Leather Company, a Massachusetts corporation, by the fraudulent representation of the defendants that the stock was worth as much or more than the amount paid, that the information and statistics contained in a certain circular had been obtained from reliable sources, and "that the said corporation was the owner of certain lands, buildings, machinery, et cetera, to the amount of over . . . $1,000,000 . . . ."

At the trial no evidence was offered in proof of the allegation that the stock bought was not worth as much or more than $10,000, which the plaintiff paid for it; and the plaintiff testified that he had not relied in buying said stock upon the statement that the information and statistics had been obtained from reliable sources. His counsel stated to the jury

"that the plaintiff was not going to claim that Estabrook and Company [the defendants] went out to deceive but that in law their intent was not material if they made a statement of fact which was not so."

The plaintiff's case succinctly stated is as follows: He was induced to buy one hundred shares of the Northwestern Leather Company, a Massachusetts corporation, through the solicitation of one Sherburne, a member of the defendants' firm, who directed his attention particularly to the statement in a printed copy of a letter purporting to be from the president of the corporation, under the heading "Assets," that "The company's balance sheet, as audited . . . as of December 31, 1918, adjusted to include the proceeds of the present financing, shows the following gross and net assets: Fixed Assets. Land, Buildings, Machinery, etc. $1,154,-478.02," and in connection therewith "said that that meant land, buildings, machinery, et cetera, owned by the Northwestern Leather Company, a Massachusetts corporation, that the real valuation of said land, buildings, machinery, et cetera, was about $2,000,000 but had been reduced in the statement in order to leave a safe margin, but that the same was well worth that value." The plaintiff testified "that he relied on said statement of . . . Sherburne in buying . . . [the] stock and was induced to buy the same in consequence thereof."

There was uncontradicted evidence to the effect that the Massachusetts corporation did not own any land, buildings, or machinery other than the land, buildings and machinery of the Northwestern Leather Company, a Michigan corporation, of which it was the owner of all the shares of stock. There was further uncontradicted evidence to the effect that the Michigan corporation did own lands, buildings and machinery of the appraised value of $1,154,478.02.

There was evidence that the balance sheet shown the plaintiff was a consolidated balance sheet showing the assets and liabilities of both the Massachusetts and the Michigan corporations; and the plaintiff's expert testified that "it had been the practice in good accounting where a company owned all the stock in another company, to include all the assets

and liabilities of the owned company in a consolidated balance sheet; that if a consolidated balance sheet was being made, the statement set out in the circular in evidence was in proper form." No evidence was offered that the value of the stock sold the plaintiff was lower than it would have been had the Massachusetts corporation held the legal title to the lands, buildings and machinery, as distinguished from its control and power of disposition over the lands, buildings and machinery of the Michigan corporation, which resulted from and was incidental to its ownership of all the stock of the Michigan corporation.

At the close of the plaintiff's evidence, the defendants rested and filed a written motion asking for a directed verdict. This motion was allowed. The jury returned a verdict for the defendants, and the case is before this court on exceptions saved by the plaintiff to the allowance of said motion.

The direction of a verdict was right. There was evidence before the jury on the question of inducement, materiality and reliance, but, assuming all such facts were found for the plaintiff, there was no evidence to warrant a finding that the stock sold the plaintiff was of any less value than it would have been had the Massachusetts corporation held the legal ownership to the lands, buildings and machinery of the Michigan corporation instead of an ownership of all the stock. As owner of all said shares of stock, the Massachusetts corporation so far as it appears on the record had the power to cause the Michigan corporation to convey its legal title to the property to the Massachusetts corporation whenever it seemed to it, as the holder of all the shares, to be to its interest to receive that title.

We have nothing to do with any possible right which the plaintiff may have had to a rescission of the contract of sale, because there is no evidence of a return or of an offer to return the stock and because the action sounds in damages and not in contract.

The exclusion of the answer to the question put to the public accountant Pride, intended to elicit an expression of his opinion as to the value of the preferred stock after deducting from the assets of the Massachusetts corporation

the value of the land, buildings and machinery of the Michigan corporation, was plainly right. It is obvious that the deduction of the value of such property from the assets of the Massachusetts corporation without taking into consideration the value of the stock of the Michigan corporation, all of which it held, would not be just and would give a false value to the stock of the Massachusetts corporation, which was less than its real value. Moreover, it does not appear that the answer was not excluded because the judge found as a fact that the witness was not qualified to testify as an expert to the value of stock of a corporation in the circumstances of this case. The evidence, if any, of the qualification of the witness is not reported: it therefore cannot be found that the ruling was erroneous in law.

*Exceptions overruled.*